# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-0420** (Monongalia County 11-F-335)

**Andrew Michael McIntyre,**
**Defendant Below, Petitioner**

**FILED**

December 2, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew Michael McIntyre, by counsel Scott A. Shough, appeals the order of the Circuit Court of Monongalia County, entered January 16, 2013, sentencing him to a term of incarceration for twelve years in the penitentiary upon his conviction of murder in the second degree following a jury trial. The State appears by counsel Christopher S. Dodrill.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2010, petitioner had a verbal dispute with the victim, Marcus Toothman, at a trailer owned by petitioner's parents. During the argument, Kelsey McIntyre, petitioner's wife and then-girlfriend, told Mr. Toothman to leave the premises, and Mr. Toothman called a friend to pick him up. Petitioner also called a friend and neighbor, Derek McMillan, who testified at trial that petitioner called him around noon: "I got the phone call, him telling me to get down there, he was going to kill him." Mr. McMillan went to the trailer to get Mr. Toothman. Kelsey McIntyre testified that while Mr. Toothman waited for his ride, petitioner went into his trailer, retrieved a hunting bow and arrow, and walked outside, saying, "I'm just going to scare him." When petitioner walked out, Mr. Toothman yelled, "Shoot me. Go ahead and shoot me." Ms. McIntyre testified that petitioner "got to the top of the steps. He didn't even have it all the way pulled back and just shot."

Mr. Toothman died from the wound, and petitioner was charged with murder in the first degree in October of 2011. The case proceeded to a trial by jury. The court, over petitioner's objection, instructed the jury:

> [A]lthough inferences can sometimes be used, where evidence has been presented which calls into question the defendant's action based upon some legal excuse, justification or provocation, the burden remains wholly with the State to

1

prove intent, malice, willfulness, deliberation and premeditation beyond a reasonable doubt by competent evidence.

The jury may not presume any essential element of the offense charged or a lesser included offense, but must hold the State to its burden of proof beyond a reasonable doubt on each and every element of the crime charged or lesser included offense.

The court instructs the jury that the word "malice" as used in these instructions is used in a technical sense. It may be either expressed or implied and includes not only anger, hatred and revenge, but other unjustifiable motives. Malice is a state of mind to be determined from all of the attendant circumstances as presented by the case. It may be inferred from any deliberate or cruel act done by the defendant with any—without any reasonable provocation or excuse however sudden. . . .

Specific intent to kill is an element of murder. You may infer that the intent existed from the facts and circumstances of the case. Intent is the purpose formed in the person's mind. The state of mind of a person may be shown by his words or acts.

The court instructs the jury that you may, but are not required, to infer that a person intends to do that which he or she does, or which is the natural or necessary consequences of his or her own act.

The jury may draw the inference that the defendant intended all of the consequences which those standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional or conscious omission to act. Any such inference, if drawn, is entitled to be considered by the jury in determining whether or not the prosecution has proved on a reasonable doubt that the defendant possessed the required criminal intent.

Intent, willfulness and malice may be inferred from the intentional use of a deadly weapon or instrumentality under circumstances where the defendant did not have excuse, justification or provocation for his conduct. The instrumentalities at issue in this case, a compound bow and broadhead arrow are included in the instrumentalities that are considered deadly weapons under the law.[1]

(Footnote added.)

According to petitioner's motion for a new trial, he proposed the following instruction, which was denied by the circuit court:

---

[1]We include the portion of the charge related to inference in its entirety, because petitioner does not pinpoint the language in which he would have us find error.

2

I have instructed you on the law of self-defense. Now I will instruct you on a doctrine in the law known as imperfect self-defense, which is a form of manslaughter. A person who kills another person while honestly, though unreasonably, believing he is threatened with death or serious bodily harm does not act with malice.

Complete or perfect self-defense requires not only that the defendant subjectively believed that he was in apparent, imminent or immediate danger of death or serious bodily harm from his assailant or potential assailant but that the circumstances under which the defendant acted must have been such as to produce in the mind of a person, similarly situated, the reasonable belief that the other person was then about to kill him or to do him serious bodily harm.

On the other hand, imperfect self-defense or manslaughter requires that the defendant have a subjective, honest belief that he was in apparent, imminent or immediate danger of death or serious bodily harm from his assailant or potential assailant. If a person honestly, but unreasonably, believed that he was in danger of immediate death or serious bodily injury and the act of killing was a result of that belief, such person cannot be guilty of a crime greater than manslaughter. Also, if the defendant used greater force than a reasonable person would have used, but the defendant actually believed that the force used was necessary, the defendant's subjective and honest, though unreasonable, belief that the force used was necessary would result in a verdict of manslaughter rather than murder.

However, for the doctrine of imperfect self-defense to apply, it is also required that the defendant was not the initial aggressor using deadly force unless the defendant effectively withdrew from the encounter and the actual or potential assailant became the attacker.

You are instructed that the burden is not on the defendant to prove either perfect or imperfect self-defense. As part of the State's burden to prove malice, the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense and that there was no mitigation in the form of imperfect self-defense on the part of the defendant. If you have a reasonable doubt as to whether the defendant acted in complete self-defense (as I will more fully instruct you), you must find the defendant not guilty. If you are convinced beyond a reasonable doubt that the defendant did not act in complete self-defense but you have a reasonable doubt as to whether the defendant acted in imperfect self-defense, you may find the defendant guilty of no greater offense than that of manslaughter.

Though the instruction was not given, petitioner's counsel argued during his closing argument:

3

So is there both a subjective and objective component to self-defense? I argue that there is. But that's your determination to make.

Because if you subjectively honestly but mistakenly believe that you're in serious danger, you don't have malice, premeditation, deliberation or willfulness. So it takes those things away. And what are you left with?

In law in other jurisdictions the term used is imperfect self-defense. Perfect self-defense is the objective and the subjective cling together requiring acquittal. Imperfect self-defense basically is that the subjective and the objective, one of them is there, the other is not. Subjectively, it's an honest belief. Objectively, it doesn't pass muster. But what does that do? That gets you only into manslaughter.

In rebuttal, the prosecuting attorney said, "[Defense counsel] was talking about imperfect self-defense. Did you hear the judge tell you one thing about imperfect self-defense? Did you hear that term? The answer is no. You will not see it in any reading of that charge when you take it into the jury room."

The trial court instructed the jury on first-degree murder, as well as the lesser-included offenses of second-degree murder, voluntary manslaughter, and involuntary manslaughter.[2] Petitioner ultimately was found guilty of murder in the second degree and sentenced as described above. Petitioner made motions for judgment of acquittal and for a new trial; both motions were denied. This appeal followed. On appeal, petitioner asserts that the trial court erred in: (1) instructing the jury "as to the issue of inference, thereby relieving the State from the obligation of proving each and every element of the criminal offense"; (2) refusing to give the "imperfect self-defense" instruction proffered by petitioner; (3) allowing the prosecuting attorney's statements in closing argument regarding the lack of instruction on imperfect self-defense; and (4) denying petitioner's motion for a new trial.

We review petitioner's first and second assignments of error pursuant to the same standard. In *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995) we discussed the basic requirements for jury instructions. Syllabus Point 4 of *Guthrie*, states:

A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining

---

[2]The trial court instructed, in part:

Voluntary manslaughter is committed when any person intentionally, unlawfully and feloniously kills another person without premeditation, deliberation, or malice. Voluntary manslaughter occurs when the act of causing death is committed in the heat of sudden passion caused by provocation. In other words, voluntary manslaughter is when one person intentionally kills another person without malice but under sudden excitement and heat of passion.

4

whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

The first and second assignments of error each depend to some degree on petitioner's theory that he believed, whether objectively reasonable or not, that he was acting in self-defense when he shot the victim.[3] He argues on the first point that because there was sufficient evidence to justify his request for a self-defense instruction, the court should have prohibited any inference of malice or intent to harm. As to the second point, he argues that the trial court would not give his instruction on imperfect self-defense though we specifically endorsed that defense in *State v. McCoy*, 219 W.Va. 130, 632 S.E.2d 70 (2006).[4] At the outset, we note that petitioner's brief is devoid of any factual allegations supporting his theory, and he has failed to direct our attention to any evidence in the appendix record that would suggest he reasonably believed that he was in danger. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. The Court may disregard errors that are not adequately supported by specific references to the record on appeal. It is an appellant's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *W.Va. Dept. of Health & Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Based on the facts presented to this Court, we cannot say that the

---

[3]The trial court instructed the jury that the law excuses deadly force where a defendant has "reasonable basis to believe that he was in imminent danger of death or serious bodily injury" and that, in analyzing self-defense, the jury should engage in "a two-part showing with a subjective component and an objective component." This instruction, coupled with the voluntary manslaughter instruction quoted in note 2, above, likely achieved the same result as an imperfect self-defense instruction would have achieved, had one been given.

[4]While we acknowledged in a footnote in *McCoy* that other jurisdictions recognize such a defense, we did not expressly adopt in that case a theory of self-defense based on the subjective impression of the accused. Rather, we held:

> As a general rule, a criminal defendant is entitled to an instruction on any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his/her favor. Consequently, a criminal defendant may present alternative defenses even when they are inconsistent, and the mere fact that a defense may be inconsistent with an alternate defense does not justify excluding evidence related to either defense.

Syl. Pt. 2, *State v. McCoy*, 219 W.Va. 130, 632 S.E.2d 70 (2006). In any event, there is no evidence before the Court that petitioner had even an unreasonable belief of danger.

5

trial court abused its discretion in the giving of the "inference" instruction or in the refusal of the "imperfect self-defense" instruction.[5]

Petitioner's third assignment of error is that the trial court allowed the prosecuting attorney to make improper remarks before the jury. We note that petitioner's counsel did not object to any portion of the prosecuting attorney's statement at the time it was made and, in fact, appears to have first raised this issue in a post-trial motion.

> The rule in West Virginia has long been that "[i]f either the prosecutor or defense counsel believes the other has made improper remarks to the jury, a timely objection should be made coupled with a request to the court to instruct the jury to disregard the remarks." Syl. Pt. 5, in part, *State v. Grubbs*, 178 W.Va. 811, 364 S.E.2d 824 (1987). This Court has also long held that "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Syl. Pt. 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945). Because of these well-settled legal principles, we deem this issue waived for appellate review purposes. See *State v. Davis*, 205 W.Va. 569, 586, 519 S.E.2d 852, 869 (1999) ("In view of our precedent, the defendant cannot argue for the first time on appeal that the prosecutor made improper remarks during the State's opening statement and closing argument."); *State v. Young*, 185 W.Va. 327, 349 n.25, 406 S.E.2d 758, 780 n.25 (1991) (finding defendant waived issue of improper remarks by the prosecutor during closing argument because of failure to object).

---

[5]In further explanation, we note that petitioner relies on *State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994), to argue that the jury must first determine whether a criminal defendant was operating under "a legal excuse or justification or provocation." In fact, *Jenkins* instructs that

> [i]t is erroneous in a first degree murder case to instruct the jury that if the defendant killed the deceased with the use of a deadly weapon, then intent, malice, willfulness, deliberation, and premeditation may be inferred from that fact, *where there is evidence that the defendant's actions were based on some legal excuse, justification, or provocation.*

Syl. Pt. 6, in part, *Id*. at 89, 443 S.E.2d at 246 (emphasis supplied). However, the evidence presented to this Court shows that—as taken from petitioner's brief—"[t]he altercations led to . . . petitioner returning to his residence, retrieving his compound bow, and while the victim was approximately 100 feet away from him, releasing an arrow in his general direction."

We also note that the trial court carefully avoided burden-shifting, inasmuch as it began the portion of the charge related to inference by stating, "[T]he burden remains wholly with the State to prove intent, malice, willfulness, deliberation and premeditation beyond a reasonable doubt by competent evidence."

In deeming this issue waived, we specifically find that the issue does not require application of the plain error doctrine. "The plain error doctrine of W.Va. R.Crim.P. 52(b), whereby the court may take notice of plain errors or defects affecting substantial rights although they were not brought to the attention of the court[.]" Syl. Pt. 4, in part, *State v. Grubbs*, 178 W.Va. 811, 364 S.E.2d 824 (1987). The plain error doctrine is reserved for only the most egregious errors. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Here, the prosecuting attorney's remarks on imperfect self-defense were brief and made specifically to address petitioner's counsel's contention to the jury that, "[T]hat's your determination to make." The trial court already had correctly instructed the jury, without objection:

> [I]t is your duty to follow the law I am now in the process of defining for you.
>
> You must not change the law or apply your own idea of what you think the law should be. Both the [c]ourt and the jury are bound by the law as stated in this charge. . . . Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base any verdict upon any view of the law other than that given in the instructions of the [c]ourt.

The prosecuting attorney's statement was consistent with the charge to the jury that the law was the province of the court alone. We thus find no error in that statement.

Finally, petitioner argues that the circuit court erred in denying his motion for a new trial. With respect to a trial court's denial of a motion for a new trial, this Court has explained:

> "'Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.*, 201 W.Va. 624, 499 S.E.2d 846 (1997). Syl. pt. 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000).

*State v. White*, 228 W.Va. 530, 536, 722 S.E.2d 566, 572 (2011). Inasmuch as petitioner's argument on this issue is premised on his first three assignments of error, and we have found no merit therein, we find that the denial of petitioner's motion for a new trial was proper.

For the foregoing reasons, we affirm.

Affirmed.

7

**ISSUED:** December 2, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II